IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES THOMAS PEEBLES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:14-CV-204 (CAR) |
| Warden HOLT, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER ON MOTIONS FOR RECONSIDERATION

Before the Court are Plaintiff James Thomas Peebles' Motions for Reconsideration [Docs. 28 & 36] of the Magistrate Judge's order staying discovery[1] and his Second Motion for Reconsideration [Doc. 35] of his request for appointment of counsel. Having reviewed the Motions and the applicable law, Plaintiff's Motions are **DENIED**.

Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the

---

[1] The first motion [Doc. 28] is styled as a "Motion to Dismiss" Defendants' Motion to Stay Discovery and the Order to Stay Discovery. The second motion [Doc. 36] is entitled "First Request [for] Reconsideration of Plaintiff's Motion to Dismiss Defendants' Motion to Stay Discovery." In essence, Plaintiff seeks an order lifting the stay, and, therefore, the Court will construe both motions as motions for reconsideration of the order staying discovery.
[2] M.D. Ga., L.R. 7.6.

exercise of due diligence, or (3) that the court made a clear error of law.'"[3]

Here, Plaintiff has failed to show that reconsideration is appropriate on any of the three grounds listed above for either the order staying discovery or the denial of his request for appointment of counsel.  With respect to the former, the Magistrate Judge "has broad discretion to stay discovery pending decision on a dispositive motion."[4] Furthermore,

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.[5]

In this case, Defendants have filed a Motion to Dismiss arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief may be granted.  The issues raised therein should be resolved prior to the commencement of discovery.  Therefore, the Magistrate Judge did not err by staying discovery pending a ruling on Defendant's Motion to Dismiss.  Accordingly, Plaintiff's Motions for Reconsideration [Docs.  28 & 36] are **DENIED**.  Should discovery be necessary, the stay will be lifted after an order is entered

---

[3] *Bingham v. Nelson*, No. 508CV246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).
[4] *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citing *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").
[5] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote and citation omitted).

on Defendants' Motion to Dismiss.

With respect to the latter request for appointment of counsel, Plaintiff appears to argue that "newly discovered evidence"—his recent diagnosis of cataracts in both eyes—qualifies as an "exception circumstance" sufficient to warrant appointment of counsel.[6]  To determine whether exceptional circumstances exist, the Court will consider factors such as whether "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."[7]  "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."[8]  Here, Plaintiff's new diagnosis has not prevented Plaintiff from setting forth the essential facts and arguments underlying his claims.  As such, no reason exists to disturb the Magistrate Judge's ruling on Plaintiff's request for appointment of counsel.  Accordingly, Plaintiff's Second Motion for Reconsideration [Doc. 35] of his request for appointment of counsel is **DENIED**.

**SO ORDERED,** this 14th day of January, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ADP

---

[6] *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[Appointment of counsel in a civil case] is a privilege that is justified only by exceptional circumstances.").
[7] *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) *see also Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).
[8] *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).