**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JAMES THOMAS PEEBLES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | Case No: 5:14-CV-0204-CAR-MSH |
| Warden HOLT, *et al*. | : | |
| | : | |
| Defendants. | : | |

_____

## REPORT AND RECOMMENDATION

Currently pending before the Court are Defendants' motion to dismiss (ECF No. 20) and Plaintiff's motion to dismiss (ECF No. 33), motions for leave to file exhibits (ECF Nos. 34, 42), motion for leave to file a surreply (ECF No. 44), and motion to appoint counsel (ECF No. 46). Plaintiff also filed an amended complaint (ECF No. 32) that the Court has construed as a motion to amend. For the reasons explained below, Plaintiff's motions for leave to file exhibits and motion to file a surreply are granted. Plaintiff's motion to appoint is denied and it is recommended that Plaintiff's motion to amend be denied as futile. It is further recommended that Plaintiff and Defendants' motions to dismiss be granted.

## BACKGROUND

This action arises of out an alleged denial of medical care at Central State Prison. Plaintiff, according to the Recast Complaint, is a diabetic and requires frequent wound care. The Complaint alleges that physicians at Central State Prison, Defendants

Nwabueze and Rovner, have failed or refused to follow wound care protocol ordered by an outside specialist, to timely provide Plaintiff with prescribed medications, to ensure that Plaintiff received clean wound dressings, and to provide clear orders for nurses to follow. Plaintiff likewise alleges that nurses at the prison, Defendants Logain and Jones, failed to properly clean his wound and used contaminated dressings which had been dropped on the floor or applied over a trashcan.  These actions allegedly caused Plaintiff to develop a serious ulcer, acquire a painful "MRSA staff infection, and almost lose his right leg."

Warden Holt apparently spoke to and received letters from Plaintiff regarding his medical conditions.  Plaintiff claims that he explained his need for daily diabetic wound care to Warden Holt and that Holt maintained a policy of offering no wound care for inmates in the early morning hours and on weekends, which prevented Plaintiff from receiving daily care for his diabetic ulcer or having access to new bandages when his became wet or contaminated.  Plaintiff claims that Holt's failure to staff the prison's medical facility during these times forced him to wear wet and/or contaminated bandages for three and four days in a row, which in turn caused Plaintiff to acquire multiple staph infections.

Plaintiff apparently suffers from high blood pressure as well.  His Complaint alleges that Dr. Nwabueze and Dr. Rovner have not sent him to be treated for this despite his complaints of numbness in his hands and feet, memory loss, and inability to stand for long periods without "falling down."  Plaintiff also suffered a stroke in April 2012, and because of the physicians' alleged failure to provide Plaintiff with prescribed medication, Plaintiff suffered a second stroke a month later while he was being transported from an

outside medical appointment. The transport driver took Plaintiff back to Central State Prison (and not to a hospital), where Nurses Densely and Logain allegedly stated that Plaintiff was "dead on arrival." The nurses then falsely claimed to have used "the heart paddles seven times" and "two bottles of oxygen" to revive Plaintiff though they had apparently not attempted to revive Plaintiff at all and instead allowed him to just lie in the "very hot" van until the ambulance arrived. Plaintiff claims that he filed five grievances against Defendants, with respect to these events, and that these grievances were either denied or he never received a response. He brought this § 1983 action for violations of his Eighth Amendment rights.

After a preliminary review, the claims against Defendants Holt, Nwabueze, Rovner, Densely, and Jones were allowed to proceed. Defendants move to dismiss claiming that: (1) the claims against Defendant Densley are barred by the statute of limitations; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff fails to state a claim; (4) Plaintiff's claims against Warden Holt are premised on vicarious liability and should consequently be dismissed; (5) the claims against Defendants in their official capacities are barred by the Eleventh Amendment; and (6) Defendants are entitled to qualified immunity. Defs.' Br. in Supp. of Mot. to Dismiss 3-20, ECF No. 20-1. Plaintiff responds by agreeing that the claims against certain Defendants in their official capacities should be dismissed (ECF No. 33), but otherwise argues against dismissal. Plaintiff also moves to submit additional evidence in support of his response and Complaint (ECF Nos. 34, 42, 44) and again seeks appointment of counsel (ECF No. 46). Finally, Plaintiff filed an Amended Complaint without leave of court (ECF No. 32). The Court construes this as a motion to

amend. These motions are ripe for review.

## DISCUSSION

### I.   Plaintiff's Motions

#### A.   Miscellaneous Motions

Plaintiff filed two motions for leave to submit evidence. The first is styled as a motion to submit evidence in opposition to Defendants' motion to dismiss—supporting Plaintiff's argument that he exhausted all available administrative remedies. (ECF No. 34.) Plaintiff is allowed to present evidence to rebut Defendants' arguments concerning a lack of exhaustion. Plaintiff's motion is thus granted.

Plaintiff also seeks to file hand-written copies of portions of his medical records. (ECF No. 42.) This motion is granted. However, the Court notes that Plaintiff's exhibits are not likely admissible and are not relevant to the issues in Defendants' motion to dismiss. Therefore, these exhibits are not being considered in ruling on Defendants' motion.

Plaintiff also filed a motion to file a surreply. (ECF No. 44.) Although surreplies are unnecessary and generally disfavored, the Court will consider the arguments made in Plaintiff's surreply to the extent that they are relevant to the issues in Defendants' motion to dismiss. Thus, to that limited extent, Plaintiff's motion is granted.

#### B.   Motion to Appoint

Plaintiff filed a renewed motion to appoint (ECF No. 46) in which he attempts to establish the "exceptional circumstances" necessary for appointment of counsel in a civil case. Pl.'s Leave to Req. Appointment of Counsel 1-9, ECF No. 46; *see, e.g., Bass v.*

*Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (explaining that a district court should appoint counsel for an indigent plaintiff "only in exceptional circumstances"). Specifically, he argues that he is going to need discovery in this case and that it will be impossible to engage in discovery without appointed counsel. Discovery, however, is a normal part of litigation. The mere need for discovery is not an exceptional circumstance prompting the need for appointed counsel. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass*, 170 F.3d at 1320. Consequently, Plaintiff's motion is denied.[1]

### C. Motion to Amend

Plaintiff filed an amended complaint on October 15, 2014 without leave of court. Pl.'s First Am. Compl. 9, ECF No. 32. Plaintiff's amended complaint, however, does not add any additional defendants or claims. *See generally Id.*; Recast Compl. As is discussed below, it is recommended that Plaintiff's complaint be dismissed for failure to exhaust. It is thus likewise recommended that Plaintiff's motion to amend be denied as futile.

## II. Defendants' Motion to Dismiss

Defendants bring their motion to dismiss claiming, *inter alia*, that Plaintiff's complaint should be dismissed against Defendants in their official capacities due to Eleventh Amendment immunity and in their individual capacities for Plaintiff's failure to

---

[1] The Court also notes that it is recommended that Plaintiff's Complaint be dismissed for failure to exhaust and as outside the statute of limitations. Further discovery will thus not be necessary in this case.

timely file under the statute of limitations and for failure to exhaust. Plaintiff responds by requesting dismissal of the Defendants in their official capacities (ECF No. 33), but urging denial of the motion to dismiss in Defendants' individual capacities. (ECF Nos. 31, 33, 34, 44.) Because Plaintiff consents to their dismissal in their official capacities, and because Defendants are entitled to Eleventh Amendment immunity,[2] it is recommended that Defendants' motion to dismiss the claims against them in their official capacities be granted. Defendants' grounds for dismissal in their individual capacities are discussed below.

### A. Statute of Limitations for Defendant Densley

Defendant Densley moves to dismiss the claims against him based on the applicable statute of limitations. Defs.' Br. in Supp. of Mot. to Dismiss 3-4, ECF No. 20-1. It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). A statute of limitations begins

---

[2] Defendants are employees of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352.

to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff's claim against Defendant Densley accrued on May 23, 2012, when Plaintiff contends that Densley violated his constitutional rights by stating, without authority, that Plaintiff was "dead on arrival" to Central State Prison and then failed to provide Plaintiff with medical treatment. Recast Compl. 9-10, 11. Thus, the two year period for the statute of limitations began to run on May 24, 2012, and ended on Monday, May 26, 2014. Plaintiff signed this initial Complaint on May 26, 2014, and it is considered filed that day under the prison mailbox rule.[3] Consequently, Defendants' motion should be denied as to the statute of limitations defense regarding Defendant Densley.

C.     Exhaustion

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions

---

[3] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Central State Prison, as part of the Georgia Department of Corrections (GDOC), has a grievance procedure in place, but that Plaintiff failed to fully utilize this procedure. Defs.' Br. in Supp. of Mot. to Dismiss 4-10. Plaintiff states in his Recast Complaint that he filed grievances, but was denied the ability to file additional grievances or appeals. Recast

8

Compl. 3-4.  He also states that his grievances were never answered.  *Id.* at 3.  Plaintiff likewise states in his response to the motion to dismiss that he filed two grievances which are not listed on his grievance history form.  Pl.'s Resp. in Opp'n to Mot. to Dismiss 6, ECF No. 31-1.  Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.  *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion.  A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.  *Turner*, 541 F.3d at 1082-83.  The Defendants here have met that burden.

Defendants have established that Central State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOPs) regarding grievances.  Davis Aff. ¶¶ 5-22 & Ex. A, ECF No. 20-2.  The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office.  *Id.* ¶¶ 11, 14, Ex. A at 7-12.  An appeal may be filed after an inmate receives either a rejection of or a decision on the original grievance or after the time has expired for the warden to issue a decision on the grievance.  *Id.* ¶ 19, Ex. A at 11. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).

9

Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a grievance and appeal concerning each of his deliberate indifference claims. This process must have been completed prior to filing this action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

Plaintiff filed two grievances at Central State Prison prior to filing this action. Davis Aff. ¶¶ 25-29 & Exs. C-E. The later of the two grievances filed by Plaintiff—grievance number 147595—was filed on April 4, 2013, and directly relates to Plaintiff's claims against Defendant Nwabueze. Davis Aff. Ex. E. Grievance 147595 was denied on April 29, 2013. *Id.* Plaintiff acknowledged receipt of the grievance response on May 2, 2013, but did not appeal the decision. Davis Aff. ¶ 29 & Exs. C, E. Consequently, these claims against Defendant Nwabueze are unexhausted.

Grievance number 87684 was filed on May 16, 2011 and was fully exhausted when Plaintiff's appeal was denied on July 22, 2011.[4] Davis Aff. Ex. D. In that grievance, Plaintiff complains that he is not getting his bandages changed on the weekends despite orders for daily bandage changes and that he is not getting his medications due to the requirement of a co-pay. *Id.* Plaintiff specifically mentions a Nurse Steavens in the grievance, but does not mention any of the Defendants in this case. Likewise, the content

---

[4] Defendants admit that this grievance was fully exhausted under the GDOC's former three-step grievance procedure. Davis Aff. ¶ 27.

of the grievance does not concern any of the allegations against the Defendants in this case. As this is Plaintiff's only fully exhausted grievance, Plaintiff has failed to exhaust his administrative remedies for the claims against Defendants.

However, even if the Court so liberally construed Plaintiff's grievance 87684 as to incorporate any of the claims asserted against these Defendants,[5] those claims would be barred by the statute of limitations. Plaintiff states in the grievance that his bandages are not being changed seven days a week as is directed. That claim, presumably for deliberate indifference to a serious medical need, would have arisen at the very latest when Plaintiff completely exhausted the administrative process on July 22, 2011. As is explained above, Plaintiff did not file this action until May 26, 2014 and any claims that arose more than two years prior to that date are barred by the two-year statute of limitations. *See, e.g., Bell*, 521 F. App'x at 865. For this additional reason, this grievance fails to show that Plaintiff exhausted his administrative remedies for the claims alleged in this case.

In Plaintiff's filings in response to the motion to dismiss, he makes various unavailing arguments concerning exhaustion. First, Plaintiff argues that he filed three additional grievances at Central State Prison that are not listed on his GDOC grievance history. Pl.'s Resp. in Opp'n to Mot. to Dismiss 13. Specifically he states that he filed an emergency grievance against Defendant Densley on June 19, 2012 for his "lies and his treatment actions," a grievance against Defendant Rovner on an unspecified date, and a grievance against a Chaplin Hall on an unspecified date for his failure to provide

---

[5] The Court notes that even under such a liberal construction, the claims against Defendant Holt cannot be exhausted by grievance 87684 because he did not become warden of Central State Prison until July 2012. Recast Compl. 5.

antibacterial soap to wash Plaintiff's wounds. *Id.* at 6, 8, 13. Plaintiff also states that he filed a grievance on March 14, 2014, but does not state if this grievance is against Defendant Rovner or Chaplin Hall or if it is an alleged fourth grievance. *Id.* at 6. Plaintiff does not provide any evidence to support the assertion that these additional grievances were filed, and such contention is unsupported by the evidence in the record. *See* Davis Aff. ¶ 25 & Exs. C-E. The Court is thus not persuaded by Plaintiff's unsupported assertions that there were additional grievances filed at Central State Prison. Even if such grievances were filed, Plaintiff has not made any allegation that the additional grievances were exhausted.

Second, Plaintiff argues that because on a memorandum regarding his grievance a section can be checked that states that "no further action is needed," he was denied access to the administrative procedures regarding grievance 147595. Pl.'s Resp. in Opp'n to Mot. to Dismiss 12. He analogizes this check box on a form to a situation in which a grievance coordinator or counselor refuses to provide an inmate with an appeal form. *Id.* at 12-13. However, the form referenced by Plaintiff does not actually say that no further action is needed. Davis Aff. Ex. E. It is a memorandum from the Central State Prison grievance coordinator to the warden referencing Plaintiff's grievance and does not state that the grievance is resolved. *Id.* Furthermore, Plaintiff does not state that he was actually denied access to the grievance appeal process. The evidence provided by Defendants shows that Plaintiff signed and acknowledged receipt of the warden's response to grievance 147595. Davis Aff. Ex. E. That response explains to inmates that they have "seven (7) calendar days within which to appeal this Response to your Grievance

Coordinator." *Id.* Plaintiff did not appeal this grievance and he has failed to exhaust his administrative remedies.

Third, Plaintiff submitted three exhibits in support of exhaustion. Pl.'s Exs. in Supp. of Exhaustion Ex. 1-3, ECF No. 34. These exhibits are letters to the GDOC legal office dated November 25, 2013 and May 23, 2014, and a letter to the director of nursing dated June 1, 2014. *Id.* These letters fail to fulfill the exhaustion requirement. As is explained above, in order to exhaust an inmate must follow the administrative procedures provided by the prison. *See Jones*, 549 U.S. at 218 ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]") The GDOC process requires the filing of a grievance and a central office appeal. Davis Aff. Ex. A at 7-12. Plaintiff's letters do not comply with the procedural rules as created by the GDOC and do not satisfy the exhaustion requirement.

Plaintiff's arguments in support of exhaustion are unavailing. Plaintiff has failed to exhaust his administrative remedies with respect to the claims asserted in his Recast Complaint. Consequently, it is recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed for failure to exhaust.

## CONCLUSION

For the reasons explained above, Plaintiff's motions for leave to file exhibits (ECF Nos. 34, 42) and motion to file a surreply (ECF No. 44) are granted. Plaintiff's motion to appoint (ECF No. 46) is denied and it is recommended that Plaintiff's motion to amend (ECF No. 32) be denied as futile. It is further recommended that Plaintiff and Defendants'

motions to dismiss (ECF Nos. 20, 33) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 12th day of August, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE